**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | **CASE NO. 1:23 CR 606** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| | ) | |
| Matthew Jarrell, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion to Vacate, Set Aside, or Correct

Sentence under 28 U.S.C. § 2255, Request for Evidentiary Hearing, [and] Request for

Appointment of Counsel (Doc. 76) and the government's Motion to Dismiss defendant's Motion

under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody

as Untimely Filed (Doc. 84). For the following reasons, the government's motion based on the

untimeliness of the defendant's motion and procedural default is DENIED, and the defendant's

motion is DENIED on the merits.

1

**Facts**

Defendant was charged in a Superseding Indictment with one count of Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, and three counts of Distribution of a Controlled Substance Resulting in Death or Serious Bodily Injury, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

On July 31, 2024, defendant entered a plea of guilty, with a written plea agreement, to all counts of the Superseding Indictment. Defendant was sentenced on January 30, 2025, to a term of imprisonment of 120 months. The judgment of conviction was entered on January 31, 2025. Defendant did not file a direct appeal.

This matter is now before the Court upon defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Request for Evidentiary Hearing, [and] Request for Appointment of Counsel and the government's Motion to Dismiss.

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the

2

proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). "When a motion is made to vacate or set aside a judgment under Section 2255, the movant must set forth facts which entitle him to relief. Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

### Discussion

Defendant's motion to vacate asserts the following grounds for relief: "ineffective assistance of counsel for failure to investigate and present exculpatory witness evidence" (Ground One), "ineffective assistance and involuntary plea due to failure to ensure competency" (Ground Two), "ineffective assistance for failure to adequately explain charges and plea" (Ground Three), "ineffective assistance for failure to properly advise regarding cooperation and sentencing exposure" (Ground Four), and "ineffective assistance for failure to consult regarding appeal" (Ground Five).

#### (A) The government's Motion to Dismiss

##### 1. untimeliness

The government moves to dismiss defendant's motion as untimely. For the following reasons, the Court disagrees that the motion is untimely.

Motions filed under 28 U.S.C. § 2255 are subject to a one-year statute of limitations:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was

prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the judgment of conviction was entered on January 31, 2025. The government argues that the statute of limitations began to run as of that date and, accordingly, defendant's Motion to Vacate filed on March 2, 2026, was untimely.

However, because defendant did not appeal his January 31, 2025 conviction and sentence, the one-year statute of limitations period began to run 14 days later on February 14, 2025. See *Johnson v. United States*, 457 F. Appx. 462, 465 (6th Cir. 2012) (where the defendant "does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed") (quoting *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)); see also Fed. R. App. P. 4(b)(1)(A)(i) (allowing for a direct appeal to be taken within 14 days of the entry of judgment). Consequently, defendant was required to file his § 2255 motion by February 14, 2026. Although the motion is time-stamped and docketed on March 2, 2026, the motion was purportedly signed by defendant and "verified" on February 1, 2026. (Doc. 76 at 8, 9). Rule 3(d) of the Rules Governing § 2255 Proceedings states:

A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the

benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Defendant's motion contains a "verification" dated February 1, 2026, and a "certificate of service" dated February 1, 2026. The certificate of service states that he sent the motion "through the United States Postal Service, through the Prison Mailbox Rule." (Doc. 76 at 9). A mailing envelope is attached with postage. Although there is no evident postmark, the envelope is stamped with a notice stating, "This prepared legal filing is in compliance with BOP PS 5265.14 correspondence and 5800.16 mail mgmt." (Doc. 76 Ex. 1). Thus, the Court assumes that defendant deposited his motion with the institution's internal mailing system on February 1, 2026, before the expiration of the deadline on February 14, 2026.  Given that the limitations period had not expired, the motion is timely under § 2255(f)(1).

For these reasons, the government's Motion to Dismiss on the basis of untimeliness is denied.

**(2)  procedural default**

The government argues that defendant's motion should be denied because he failed to file an appeal and also signed a plea agreement waving his right to appeal. On this basis, the claims asserted in the motion are procedurally defaulted. Again, the Court disagrees.

The government points out that "failure to raise an argument at trial or on direct appeal is waived on collateral review under § 2255." And, "a petition under Section 2255 may not be used as a second opportunity to review issues that could have been, but were not, raised on direct appeal, unless the petitioner can demonstrate cause to excuse his failure to appeal the issue and actual prejudice." (Doc. 84 at 14-15 with citations omitted). However, this standard is not

applicable to claims of ineffective assistance of counsel:

> "It is well-established that a § 2255 motion 'is not a substitute for a direct appeal.' " *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (quoting *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003)). Except for claims of ineffective assistance of counsel, a federal prisoner's failure to raise a claim on direct appeal generally results in a procedural default of that claim. See *Massaro v. United States,* 538 U.S. 500, 504 (2003); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). "A procedurally defaulted claim, absent a showing of cause and prejudice or actual innocence, cannot give rise to relief under § 2255." *Peveler*, 269 F.3d at 698.

*Drabic v. United States*, 2024 WL 5358480, at *3 (6th Cir. Dec. 17, 2024). See also *Meacham v. United States,* 2025 WL 778168, at *2 (E.D. Tenn. Mar. 11, 2025)(quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)) ("Claims asserted for the first time under 28 U.S.C. § 2255 may only be heard if they arise from a claim of ineffective assistance of counsel or in the instance of a defect in the proceedings so great to amount to deprival of due process.") and *United States v. Smith*, 2026 WL 1295050, at *3 (E.D. Tenn. May 12, 2026)(quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)) ("As an initial matter, sentencing challenges that are not made on direct appeal are typically waived and cannot be asserted for the first time in a § 2255 motion. However, a petitioner may still obtain review of his sentence if "forfeiture of the claim resulted from ineffective assistance of counsel.")

As defendant's five claims assert ineffective assistance of counsel, they are not barred by procedural default. Moreover, the executed plea agreement also contained an exception for these claims. In pertinent part, the agreement states:

### WAIVER OF APPEAL AND POST-CONVICTION ATTACK

20. Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding

under 28 U.S.C. § 2255. Defendant expressly and voluntarily waives those rights, except as specifically reserved below.  Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court. Nothing is this paragraph shall act as a bar to Defendant perfecting any legal remedies Defendant may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct.

(Doc. 41 at 7).

Accordingly, the § 2255 motion is not procedurally barred.

**(B) Motion to Vacate on the merits**

The Court agrees with the government that defendant's claims for ineffective assistance of counsel fail on the merits.[1]  The relevant law is well-established:

> To establish ineffective assistance of counsel, a defendant must show both that (1) counsel's performance was deficient, i.e., it fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984); see also *Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012) (establishing a defendant is entitled to effective assistance of competent counsel in plea negotiations). To establish deficient performance, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed...by the Sixth Amendment." *Strickland,* 466 U.S. at 687. To satisfy the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In a guilty-plea context, to establish prejudice the defendant must specifically demonstrate "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

---

[1]  The government reserved the right to fully brief the merits of defendant's claims (Doc. 84 at fn 4) and stated that it would "respond fully to the merits of [defendant's] claims" (Doc. 84 at 14) in the event the Court found the motion to be timely. The Court does not agree with this approach and expects a party to address all arguments in its responsive brief. Regardless, the Court finds that there is a sufficient basis to conclude that the defendant's motion fails on the merits.

*United States v. Moore,* 2026 WL 1476481, at *4 (N.D. Ohio May 27, 2026).

Defendant asserts five claims of ineffective assistance of counsel. For the following reasons, none of the claims warrant relief.

In Ground One, defendant maintains that counsel failed to investigate and present exculpatory witness evidence. Defendant asserts that he had informed counsel of a witness who was willing to testify that co-defendant Jared Pastor had personally placed fentanyl into cocaine on multiple occasions, but counsel failed to act with regard to this information which was relevant to causation and culpability.

Defendant, however, does not identify the witness but only states in summary fashion that the witness exists. This will not support a claim for ineffective assistance of counsel. Additionally, the existence of an alleged witness is irrelevant as it would not have had an effect on defendant's plea given that defendant agreed to the factual basis set forth in the plea agreement and entered a plea of guilty to a conspiracy with Jared Pastor. (Doc. 41). Defendant admitted that he received the drugs from Pastor. (Doc. 80 at 12).  Moreover, defendant met with government investigators on several occasions to provide assistance in the prosecution. The plea Addendum (Doc. P-13324714 filed under seal) lowered defendant's sentence based on his cooperation. Defendant even met with investigators for a proffer interview before his indictment. (Doc. 84 Ex. 1). Thus, defendant had ample opportunities to inform the government of this alleged witness. Finally, defendant stated in his plea agreement and at the change of plea hearing that he was satisfied with the representation of his attorney. (Doc. 41 at 14; Doc. 80 at 5). This claim fails.

In Ground Two, defendant maintains that his plea was involuntary due to a failure to

8

ensure competency. Defendant asserts that at the time of his plea, he was experiencing severe alcohol and opioid withdrawal as well as PTSD and other neurological conditions including "mental fog." As a result, he was not competent and his plea was not knowing, intelligent, or voluntary.

Defendant's assertions are not persuasive. "A defendant is competent to stand trial or enter a guilty plea if he has a rational as well as factual understanding of the proceedings against him and has the sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding." *Lopez v. United States*, 2025 WL 853582, at *2 (6th Cir. Mar. 4, 2025)(citations omitted). Defendant testified under oath at his change of plea hearing that he understood the proceedings, the factual basis of the case, and the consequences of pleading guilty. (Doc. 80). Defendant's conclusory assertions are insufficient to overcome his sworn testimony. Defendant's plea agreement also states, "I have had sufficient time and opportunity to discuss all aspects of the case in detail with my attorney and have told my attorney everything I know about the charges, any defenses I may have to the charges..." (Doc. 41 at 14). At the sentencing hearing, defendant stated that he had been sober for a year. (Doc. 75). As stated above, competency does not equate to a "mental fog," but means that a defendant is incapable of understanding the proceedings and assisting his lawyer.  The record shows otherwise and fails to demonstrate that defendant was incompetent. Defendant does not present an ineffective assistance of counsel claim based on his alleged incompetence.

In Ground Three, defendant maintains that counsel failed to adequately explain the charges and plea consequences. He asserts he was not provided discovery, a copy of the plea agreement, or a copy of the Presentence Report.

9

Contrary to defendant's assertions, the change of plea proceedings demonstrate that defendant received a copy of the plea agreement, he read it, he went over it with his attorney, and he signed and dated it. (Doc. 80 at 6-7). Defendant was asked by the Court, "Do you need any more time and privacy with your lawyers?" He stated that he did not. (Doc. 80 at 12). The plea agreement shows that he initialed each page and signed the final page. (Doc. 41). Defendant asserts that he did not receive a copy of the Presentence Report prior to sentencing, but the transcript of the sentencing proceedings shows that he answered, "Yes," to the Court's question, "Have you had an opportunity to go over this [presentence investigation] report with your attorneys?" (Doc. 75 at 3). Additionally, defendant's assertion that he was not provided with discovery is conclusory. As discussed above, defendant agreed to the factual basis of the charges which encompasses discovery. Finally, as also discussed above, defendant repeatedly stated that he was satisfied with his attorney. This claim has no merit.

In Ground Four, defendant maintains that counsel failed to properly advise him "regarding cooperation and sentencing exposure," and counsel failed to secure written cooperation terms. This is belied by the change of plea and sentencing proceedings as well as the Addendum to the plea agreement which is entitled "Cooperation." Defendant initialed each page and signed the final page. (Doc. 75, 80, and Addendum filed under seal). This claim fails.

In Ground Five, defendant maintains that counsel failed to "consult regarding appeal" after sentencing. He states that counsel failed to "meaningfully consult" with him regarding his appellate rights, and that he "attempted to contact counsel but received no guidance." (Doc. 76 at 6).

"The Supreme Court has held that an attorney provides ineffective assistance 'if, after

consulting with his client, he disregards specific instructions from his client to file a notice of appeal'—'a purely ministerial task.' *Massengill v. United States*, 2025 WL 2901549, at *7 (W.D. Tenn. Oct. 10, 2025) (quoting *Pola v. United States*, 778 F.3d 525, 533 (6th Cir. 2015) (quoting *Roe v. Flores–Ortega*, 528 U.S. 470, 477 (2000)). "If a § 2255 movant can show that his trial counsel failed to appeal 'either after the client's express instructions or because there is no reasonable strategic reason not to appeal, then the defendant was prejudiced because he has been deprived of the appellate proceeding altogether if there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.' " *Id*. (citing *Roe*, 528 U.S. at 483–84). Defendant does not demonstrate that he gave specific or express instructions to appeal. Nor does he show that there was no reasonable strategic or logical reason not to appeal. Finally, as set forth above, the plea agreement set forth a waiver of appeal. This claim fails.

For these reasons, defendant does not demonstrate ineffective assistance of counsel. Nor is an evidentiary hearing warranted because the record shows that defendant is not entitled to relief and there are no factual disputes at issue. *United States v. Williams,* 2025 WL 3482856 (E.D.Ky. Oct. 1, 2025) (citations omitted). Finally, in the absence of an evidentiary hearing, appointment of counsel if unnecessary. Further, there is no constitutional right to counsel in a § 2255 proceeding. *Gann v. United States*, 2026 WL 886616 (E.D. Tenn. Mar. 30, 2026) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).

**Conclusion**

For the foregoing reasons, the government's Motion to Dismiss on the basis of untimeliness and procedural default is denied and defendant's Motion to Vacate, Set Aside, or Correct Sentence

under 28 U.S.C. § 2255, Request for Evidentiary Hearing, [and] Request for Appointment of Counsel is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.


PATRICIA A. GAUGHAN
United States District Judge


Date: 6/16/2026

12